**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAREN SCHELLER,<br><br>           Plaintiff,<br><br>   v.<br><br>AMERICAN MEDICAL RESPONSE, INC., a foreign corporation, CINDY WOOLSTON, an individual, and DOES 1-25, inclusive,<br><br>           Defendants. | 1:08-CV-00798-OWW-DLB<br><br>ORDER RE: REQUEST FOR SUPPLEMENTAL BRIEFING |

## I.   INTRODUCTION

Plaintiff Karen Scheller was employed as a paramedic by Defendant American Medical Response, Inc. ("AMR") in January 2005, when she suffered an industrial injury to her right shoulder. Following her injury, Plaintiff contends that AMR refused to reinstate her to her position, did not reasonably accommodate her disability or engage in the interactive process, and placed her on inactive leave "without even talking to [her]." Plaintiff filed this action on February 20, 2008, alleging that AMR violated the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940, et seq., by (i) discriminating against Plaintiff on the basis of her disability, (ii) failing to reasonably accommodate her disability, and (iii) refusing to engage in the interactive process.

1

On October 20, 2009, Plaintiff filed a motion for summary judgment or partial adjudication on her disability discrimination claim only. On October 21, 2009, AMR moved for summary judgment on all six claims in Plaintiff's FAC. Oral argument on the parties' motions was held on December 14, 2009.

## II. **DISCUSSION**

Plaintiff's reasonable accommodation and interactive process claims focus on her attempts to return to her paramedic position - with accommodations - in March 2006, May 2006, August 2006, September/October 2006, and January 2007.[1] Plaintiff, however, contends that she was terminated by AMR in March 2006, following her meeting with AMR supervisor Jared Bagwell at AMR's Modesto offices.[2] According to Plaintiff, she was terminated under AMR's policy of separating injured workers if they cannot return to work after one-year.[3]

Plaintiff takes the position that she was "terminated" and yet AMR owed her a duty of reasonable accommodation and had to engage in the interactive process, prescribed by FEHA. Under §§ 12940(m) and (n), however, an employer is only required to make reasonable

---

[1] Plaintiff also alleges she requested light duty work in 2005, 2006, and 2007. According to Plaintiff, she was told that "there was no light-duty work available and that he could not discuss the matter with Plaintiff any further." (Pl.'s Statement of Undisputed Facts ("PSUF") 11.)

[2] Plaintiff states: "AMR claims that Plaintiff is still employed, but, by every objective criteria, Plaintiff was fired, likely as early as April of 2006." (Doc. 61, 17:25-17:26.)

[3] Defendant rejoins that Plaintiff remains an AMR employee, on inactive status, and was never terminated.

**2**

accommodations for, and engage in a timely, good faith, interactive process with, "an applicant or employee."

If Plaintiff was, in fact, terminated in March 2006, as she claims, she was no longer an AMR "employee" in May 2006, August 2006, or January 2007.  Accordingly, any post-termination "employee" theories of recovery for denial of reasonable accommodation and failure to engage in the interactive process would be barred.  If Plaintiff was terminated in March 2006, AMR's obligations under the FEHA - including engaging in the interactive process and reasonably accommodating her disability - extended to her, if at all, only as a job "applicant."  In her summary judgment briefing, Plaintiff addressed only whether, as an employee, Defendant breached its FEHA obligations.  Plaintiff's briefing did not address whether she was a job applicant under the FEHA.

If Plaintiff was terminated in early 2006, as she claims, she needs to articulate the basis for Defendant's alleged FEHA violations from that point forward.  On the other hand, if she concedes she is "on leave" from AMR, but still an employee, she needs to identify the alleged adverse employment action taken against her by AMR, if one was taken.

### III.  CONCLUSION

Without facts to resolve the employment issues, parties' motions for summary judgment cannot be decided.  Supplemental briefing, not to exceed five (5) pages, is requested on the following issues:

1)   Was Plaintiff in fact terminated by AMR in early 2006,

meaning her employment ceased?  If so, what factual evidence exists in the record to support the claim that Plaintiff was terminated?

2)   If Plaintiff's employment was "terminated" in early 2006, does she maintain that she was a job applicant under the FEHA?  If so, what factual evidence exists in the record to support Plaintiff's status as a job applicant from March 3, 2006 on?

3)   If Plaintiff was not "terminated," what other adverse employment action does she allege was taken against her to support her disability discrimination claim?

Plaintiff has until 5:00 p.m. on December 30, 2009, to submit supplemental briefing on these questions.  Any written opposition is due January 8, 2010.  The supplemental briefing shall not exceed five (5) pages.  In light of the request for supplemental briefing, the trial and pretrial conference dates will be rescheduled.

IT IS SO ORDERED.

**Dated:    December 18, 2009**           /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE

**4**